```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

**ANTONIO BOYD, #K8347**                                                    **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:06cv34TSL-JCS**

**CHRISTOPHER B. EPPS, et al.**                                            **DEFENDANTS**

### OPINION and ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. The plaintiff, an inmate at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Christopher Epps, Commissioner of the Mississippi Department of Corrections; Darryl Anderson, Warden at EMCF; M. Boyd, Administrative Remedy Program Director at EMCF; D. Smith, Disciplinary Director at EMCF; A. Herrera, Security Warden at EMCF; and Victor Rivera, Hearing Officer at EMCF. On April 6, 2006, plaintiff was ordered to file an amended complaint to specifically state how each named defendant violated his constitutional rights and the plaintiff was directed to file documentation regarding the exhaustion of his administrative remedies. Plaintiff filed his response [7-1] to the court's order to amend and he provided his certificate of completion from the Mississippi Department of Corrections Administrative Remedy Program (ARP).

Background

Plaintiff states that he was found guilty of a rule violation report ("RVR") for a positive urinalysis test on July 26, 2005. Plaintiff states that the punishment imposed as a result of this RVR was re-classification and he "must attend drug and alcohol class for 90 days." Response [doc. 7] at 4. The plaintiff complains that this punishment will result in him being "stuck in c-custody level" which means he will only be allowed to visit with his family behind a glass, he will not have conjugal visits and "all other privileges" will be taken. Response [doc. 7] at 4.

Plaintiff alleges that he was denied due process by each defendant because he did not receive a hearing or appeal, he was not allowed to present witnesses and he did not receive a written statement of the fact finder. Plaintiff also contends that a reasonable investigation into the complaint was not conducted, thereby violating his due process rights. The plaintiff is requesting that this court order this RVR expunged from "my file as well as $1,000.00." Complaint [doc. 1] at 4.

As stated above the plaintiff completed the MDOC Administrative Remedy Program regarding this RVR. The certificate he was issued after the process was concluded states that he failed to provide sufficient evidence to support his claim that this RVR should be expunged from his record.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim upon which relief may be granted.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Under the circumstances of the instant complaint, this court finds that the plaintiff has failed to present a claim that he is entitled to the procedural due process protections of the Fourteenth amendment.

Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by re-classification, losing his prison privileges or being required

to attend classes.  See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification);  Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997)(inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest);  see also Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest); see also Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits).  Therefore, the plaintiff has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

## Conclusion

   As stated above, the plaintiff's complaints regarding his custody level and the loss of his prison privileges for a rule violation report, fail to state a claim upon which relief may be granted.  As such, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, Section

4

1915(e)(2)(B)(ii), it will be counted as a "strike".[1]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

   A final judgment in accordance with this opinion and order will be entered.

   THIS the 5th  day of June, 2006.

                              /s/Tom S. Lee
                         UNITED STATES DISTRICT JUDGE

---

   [1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."